**UNITED STATES of America, Appellee,**

**v.**

**Carl HESTIE, Appellant.**

**No. 420, Docket 35273.**

United States Court of Appeals, Second Circuit.

Argued Jan. 13, 1971.

Decided March 1, 1971.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Howard Wilson, Charles B. Updike, Asst. U. S. Attys., Whitney North Seymour, Jr., U. S. Atty., for appellee.

Theodore Krieger, William C. Chance, Jr., New York City, for appellant.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

Appellant Carl Hestie was convicted by a jury on all three counts of an indictment charging him in two counts with making two sales of narcotics in violation of 21 U.S.C. §§ 173 and 174 and in a third count with conspiring to violate those sections; he was sentenced by Judge Weinfeld on July 7, 1970 to concurrent five year terms but is presently enlarged on bail. We reject his assertion advanced upon appeal that certain comments made to the trial jury by the prosecutor during the Government's summation had the effect of denying appellant a fair trial, and we affirm the conviction.

■ During trial defendant's counsel had sought to impugn the Government's proof and had suggested to the jury that the non-testifying informant and the four testifying government narcotics agents had collectively plotted to "frame" Hestie. In his summation the prosecutor noted that all the agents had identified Hestie and he warned the jury that "to acquit, you have to call all four of those agents liars." Prosecutors would do well to avoid such extreme statements. A defendant may only be claiming, or, alternatively to other claims, only be suggesting, that the customary difference between the testimony of prosecuting witnesses and that of the defendant has been occasioned by defects in the witnesses' perception or by the inaccuracies of memory. Here, however, in view of the particular circumstances of this case, we are constrained to hold that the response was not excessive.

■ The Government has conceded that the prosecutor erred when he made an unwarranted remark during the summation concerning the contents of a Jencks Act report which had previously been given to defense counsel in the sight of the jury. Frankly, we cannot understand why Assistant United States Attorneys in this circuit should fail to observe the procedures relative to the turning over of Jencks Act material that was specified in United States v. Gardin, 382 F.2d 601, 605–606 (2 Cir. 1967). We take this opportunity to warn them and their supervisors that further lapses may not be condoned. However, the record discloses that the jury's request to see the report was rebuffed by Judge Weinfeld who stated that the report was not in evidence and was not to be considered, and as the author of the report was known by the jury to have provided only corroborative evidence, we think that this error, "viewed in the light of the trial record as a whole," United States v. Grunberger, 431 F.2d 1062, 1069 (2 Cir. 1970), was so lacking in prejudicial effect that its interjection at trial was harmless.

Moreover, no objection to any part of the summation was taken at trial. See Fed.R.Crim.P. 52.

The conviction is affirmed.